# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-505V

| | |
|---|---|
| JENNA WAGNER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: April 4, 2024 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 11, 2021, Jenna Wagner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration caused by a Tetanus, Diphtheria, and Acellular Pertussis vaccination on August 22, 2020. Petition, ECF No. 1. On January 3, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,395.08 (representing $25,796.30 in fees plus $598.78 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Feb. 3, 2024, ECF No. 46. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Feb. 5, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 48. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by Attorney Jonathan Svitak, and all other attorneys and paralegals that performed work in this matter, for time billed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted herein. But the requested hourly rate of $415 for 2024 work performed by Mr. Svitak requires adjustment.

Mr. Svitak was previously awarded a rate of $350 per hour for work performed in 2022, and $380 per hour for work performed in 2023, representing an increase of $30 for each successive year. See *Foulker* v. *Sec'y of Health & Hum. Servs.,* No. 20-1955, Slip Op, 51 (Fed. Cl. Spec. Mstr. May 31, 2023); *Miller* v. *Sec'y of Health & Hum. Servs.,* No. 21-0570, Slip Op, 41 (Fed. Cl. Spec. Mstr. Sept. 22, 2023). Accordingly, there is a discrepancy in terms of gradual increase between those rates and what is requested for subsequent years (which if permitted would be a larger increase of $35).

In the Vaccine Program, an attorney's previously established rate is considered when determining and approving subsequent hourly rates. Relying on the rate of increase used in 2023, ($30 for each successive year) would result in a rate of $410 per hour for 2024. Thus, in order to maintain a fair consistency, while also permitting a rate increase, I shall award Mr. Svitak the lesser rate of $410 per hour, for work performed in 2024. **Application of this rate results in a reduction in the amount of fees to be awarded herein of $11.00.**[3]

## ATTORNEY COSTS

Petitioner requests $598.78 in costs. This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs. ECF No. 46-4. Respondent offered no specific objection to the rates or amounts sought.

---

[3] This amount is calculated as: ($415 - $410 = $5 x 2.2 hrs.) = $11.00

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$26,384.08 (representing $25,785.30 in fees plus $598.78 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Shannon Law Group, P.C.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.